## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, NE<br>Washington, DC 20549<br><br>                              Plaintiff,<br><br>                     v.<br><br>DAVID M. HURLEY,<br><br>                              Defendant. | Civil No.    **05 1306**<br><br>**JUDGMENT**<br>**OF PERMANENT**<br>**INJUNCTION AND**<br>**OTHER RELIEF AS**<br>**TO DEFENDANT**<br>**DAVID M. HURLEY** |

**FILED**

**JUL 1 2 2005**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff Securities and Exchange Commission, having filed a Complaint, and Defendant

David M. Hurley ("Defendant"), in the attached Consent of Defendant David M. Hurley

("Consent"), in the form attached hereto and incorporated by reference herein, having entered a

general appearance; consented to the Court's jurisdiction over him and the subject matter of this

action; consented to entry of this Judgment of Permanent Injunction and Other Relief as to

Defendant David M. Hurley ("Judgment") without admitting or denying the allegations of the

Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived

any right to appeal from this Judgment:

**I.**

   **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (1)      to employ any device, scheme, or artifice to defraud;

    (2)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (3)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] or by falsifying or causing to be falsified any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active

concert or participation with them who receive actual notice of this Judgment by personal service

or otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a),

78m(b)(2)(A), and 78m(b)(2)(B)] and Rules 12b-20, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-

20, 240.13a-11, and 240.13a-13] by knowingly providing substantial assistance to an issuer that:

(1)     fails to maintain such information and documents as the Commission shall require

to keep reasonably current the information and documents required to be included

on or filed with an application or registration statement filed pursuant to Section

12 of the Exchange Act;

(2)     fails to file such annual and quarterly reports as the Commission may prescribe;

(3)     fails to make and keep books, records, and accounts, which, in reasonable detail,

accurately and fairly reflect the transactions and dispositions of the assets of the

issuer; or

(4)     fails to devise and maintain a system of internal accounting controls sufficient to

provide reasonable assurances that:  (i) transactions are executed in accordance

with management's general or specific authorization; (ii) transactions are recorded

as necessary (a) to permit preparation of financial statements in conformity with

generally accepted accounting principles or any other criteria applicable to such

statements, and (b) to maintain accountability for assets; (iii) access to assets is

permitted only in accordance with management's general or specific

3

authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is permanently barred from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78(l)] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amount of the civil penalty upon motion of the Commission. In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the

Consent is incorporated herein with the same force and effect as if fully set forth herein, and that

Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this

Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

Judgment.

Dated: _July 11_ , 2005

_____
UNITED STATES DISTRICT JUDGE

**REQUEST FOR ENTRY**

Plaintiff Securities and Exchange Commission respectfully requests entry of the Judgment of Permanent Injunction and Other Relief as to Defendant David M. Hurley submitted with this Consent.

Donald N. Dowie (Trial Counsel)
Paul R. Berger
Mark Kreitman
Robert B. Hanson
Janene M. Smith

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, NE
Washington, DC  20549-4631
(202) 551-4471 (Tel: Dowie)
(202) 772-9244 (Fax: Dowie)
dowied@sec.gov

Dated:  June 30, 2005