UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, NE<br>Washington, DC 20549<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID M. HURLEY,<br><br>　　　　　　　　　　　　　Defendant. | Civil No. 1:05CV01306 (JR)<br><br>FINAL JUDGMENT<br>OF PERMANENT<br>INJUNCTION AND<br>OTHER RELIEF AS<br>TO DEFENDANT<br>DAVID M. HURLEY |

**FILED**
MAY - 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff Securities and Exchange Commission, having filed a Complaint on June 30, 2005, and Defendant David M. Hurley ("Defendant"), in the Consent of Defendant David M. Hurley ("Consent") filed with the Court on July 12, 2005 and incorporated by reference herein, having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to the Judgment of Permanent Injunction and Other Relief as to Defendant David M. Hurley ("Judgment") filed with the Court on July 12, 2005 without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from the Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (1) to employ any device, scheme, or artifice to defraud;

 (2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] or by falsifying or causing to be falsified any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active

concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)] and Rules 12b-20, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-11, and 240.13a-13] by knowingly providing substantial assistance to an issuer that:

 (1) fails to maintain such information and documents as the Commission shall require to keep reasonably current the information and documents required to be included on or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act;

 (2) fails to file such annual and quarterly reports as the Commission may prescribe;

 (3) fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

 (4) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (b) to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared

with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is permanently barred from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78(l)] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay a civil penalty in the amount of $50,000.00 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying David M. Hurley as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to Donald N. Dowie, Assistant Chief Litigation Counsel, Securities and Exchange Commission, 100 F Street, NE, Washington, DC 20549-4010. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to

this paragraph to the United States Treasury.

VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: May 5, 2008

_____
UNITED STATES DISTRICT JUDGE

Approved as to form:

_____
William Michael, Jr.
Dorsey & Whitney
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402-1498
Office (612) 492-6753
Mobile (612) 201-3539

_____
Donald Dowie
Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549-4010
(202) 551-4471
Fax (202) 77204926
email: dowied@sec.gov